Prob 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. KATHY JO NELSON                     Docket Number: 05-cr-00018-MSK-01

  COMES NOW, Robert W. Ford , probation officer of the court, presenting an official report upon the conduct and attitude of KATHY JO NELSON who was placed on supervision by the Honorable W. Craig Broadwater sitting in the court at Martinsburg, West Virginia, on the 29th day of July, 2003, who fixed the period of supervision at two (2) years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant shall submit to one drug test within 15 days after release from imprisonment and at least one test each month during the term of supervised release.

2. The defendant shall participate in a program of testing, counseling and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

3. The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

**On January 6, 2005, jurisdiction was transferred from the Northern District of West Virginia to the District of Colorado and the case was assigned to the Honorable Marcia S. Krieger, United States District Judge.**

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

(If short insert here: if lengthy write on separate sheet and attach)

**See attachment hereto and herein incorporated by reference.**

PRAYING THAT THE COURT WILL ORDER the issuance of a summons for a violation of supervised release.

  ORDER OF THE COURT

| | |
|---|---|
| Considered and **DENIED** this 19th day of December, 2005, and ordered filed and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | s/ Robert W. Ford |
| | Robert W. Ford<br>Probation Officer |
| s/Marcia S. Krieger<br>Marcia S. Krieger<br>United States District Judge | Place: Colorado Springs<br><br>Date: December 14, 2005 |

**ATTACHMENT**

Attached as <u>Exhibit A</u> and incorporated by reference is a true copy of the Conditions of Supervision signed by the defendant on December 31, 2003, and again on January 23, 2004. Her signature on these occasions acknowledged that the conditions had been read and explained to her, that she fully understood said conditions, and that she was provided with a copy of them. The term of supervised release commenced on December 30, 2003.

The defendant has committed the following violation of supervised release:

1. **VIOLATION OF THE LAW:**

On or about November 13, 2004, the defendant committed Forgery, in violation of C.R.S. 18-5-102(1)(e), Criminal Impersonation, in violation of C.R.S. 18-5-113(1)(d), No Proof of Insurance, in violation of C.R.S. 42-4-1409(2), and Fictitious Registration, in violation of 42-3-133(1)(b). The Forgery and Criminal Impersonation charges are felonies, which constitute Grade B violations of supervised release. The No Proof of Insurance and Fictitious Registration charges are traffic offenses, which constitute Grade C violations of supervised release.

This charge is based on the following facts:

According to information provided by the Jefferson County, Colorado, Sheriff's Department, on November 13, 2004, deputy Kelly Smith issued a traffic summons to a female who identified herself as Nancy Vinyard (the defendant's sister). The female who was stopped went on to say that she had no permanent address and was visiting the area from Colorado Springs. She also told Deputy Smith that the car she was driving belonged to her boyfriend, that she was staying with her daughter and gave a possible address for her daughter as Tennyson Street in Denver. It was later reported that the Jefferson County Court received a phone call from Nancy Vinyard, stating that she had never received any traffic summons in Jefferson County.

Prompted by that phone call, Deputy Smith reported to the Jefferson County Court on March 24, 2005, for an identification hearing in reference to the traffic summons   At that time, Deputy Smith met the actual Nancy Vinyard, and determined that it was not the person she had issued the summons to on November 13, 2004. Nancy Vinyard went on to say that her wallet had been lost and was returned to her in the mail in January 2005. Within the returned wallet was the summons issued by Deputy Smith, and this prompted Nancy Vinyard to telephone the Jefferson County Court.

Deputy Smith then telephoned the number on the summons, and through investigation and further interview with Nancy Vinyard, it was determined that the telephone belonged to the defendant, as her voice mail came on, identifying her as "Kitty." (the defendant's nickname). Nancy Vinyard then went on to say that the defendant had a daughter, Brandi, in the Denver area.   The defendant has previously provided me with Brandi's address of 4409 S. Tennyson in Denver.

A computerized records check conducted by Deputy Smith led her to telephone me on March 25, 2005.   At that time, I informed Deputy Smith of the December 13, 2004, offense, where the defendant, driving the same vehicle stopped by Deputy Smith, had been arrested by a Colorado State Trooper for Criminal Impersonation, Driving Under Revocation, Fictitious Plates, and Possession of Drug Paraphernalia. In that matter, the defendant entered a plea of guilty to Providing False Identification, in El Paso County Docket number 2004 CR 6130, and was sentenced to 30 days jail.  Afterwards, Deputy Smith obtained a driver's license photograph of the defendant, and determined that it was the same individual she issued the summons to on November 13, 2004.

The defendant is currently charged in District Court, Jefferson County, Colorado, under Docket No.  2005 CR 1988, with Forgery, in violation of C.R.S. 18-5-102(1)(e), Criminal Impersonation, in violation of C.R.S. 18-5-113(1)(d), No Proof of Insurance, in violation of C.R.S. 42-4-1409(2), and Fictitious Registration, in violation of 42-3-133(1)(b). The matter is set for trial on April 6, 2006.